UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINIC ALEXANDER EL,

    Plaintiff,

v.                                                 Case No: 8:24-cv-01634-KKM-AEP

ENVIRONMENTAL PROTECTION AGENCY,
and MARYANN LYNDSEY SIMMS,

    Defendants.
_____

## ORDER

Since filing his complaint, pro se Plaintiff Dominic Alexander El has neither paid the required filing fee nor moved to proceed *in forma pauperis*. By August 5, 2024, El must either pay the full $405 filing fee, https://www.flmd.uscourts.gov/fees-table; 28 U.S.C. § 1914, or move to proceed *in forma pauperis*, 28 U.S.C. § 1915. If El fails to comply, an order dismissing this action without prejudice for failure to prosecute will issue. *See* Local Rule 3.10.

El is further **WARNED** that his complaint appears to be an impermissible shotgun pleading.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule

of Civil Procedure 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland*, 792 F.3d at 1320. Shotgun pleadings "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that the Court must "sua sponte allow a litigant one chance to remedy such deficiencies"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." (emphasis omitted)).

The four basic types of shotgun pleadings are (1) a complaint that contains multiple counts "where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts several claims against several defendants without specifying which defendant is responsible for which act or

2

omission or against which defendant the plaintiff states a claim. *Weiland*, 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (footnote omitted). El's complaint is a prototypical shotgun pleading. Specifically, despite requesting relief against multiple defendants, the complaint fails to "specify[] which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.

Also, regardless of defects in form, El's complaint appears to be patently frivolous in substance. For example, the complaint offers a laundry list of federal criminal statutes as the basis for El's claims. (Doc. 1) at 2–3 (citing fourteen different federal criminal statutes). These statutes "pertain to criminal law and do not provide a civil cause of action or any civil remedies." *Thibeaux v. U.S. Att'y Gen.*, 275 F. App'x 889, 893 (11th Cir. 2008) (per curiam). Much of the complaint's language also tracks that employed by so-called "sovereign citizens." *See, e.g.*, (Doc. 1) at 1 (describing El as a "Claimant, Unconditional Heir, Free Sovereign Moor-American National, Natural-person, National People on the Land, In Propria Persona, Sui Juris"). "Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous." *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir.

2013). As is common with these kinds of vexatious litigants, El disregards the Federal Rules of Civil Procedure and Local Rules and wastes judicial resources. *Cf. Bey v. Stuart*, No. 8:21-cv-920, 2021 WL 7448070, at *1 (M.D. Fla. July 6, 2021) (Merryday, J.) (dismissing with prejudice a frivolous complaint that "cite[d] dozens of purported 'laws,' including the 'Zodiac Constitution,' the 'Treaty of Guadalupe Hidalgo,' and the 'Pope's Letter to Obama,'" and "comprise[d] a prolix, rambling, and largely indecipherable series of allegations").

These additional issues must be promptly addressed if El wishes to proceed with the action after he pays the filing fee or moves to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on July 16, 2024.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE[*]

---

[*] Signed by Judge Steven D. Merryday to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.

4